## FOSTER v. LEBANON SPRINGS R. R.

(Circuit Court, D. Vermont. March 20, 1900.)

FEDERAL AND STATE COURTS—RECEIVERS.

A federal court will not interfere with the possession of property by the receiver of a state court first acquired, but where it has also appointed a receiver for the same property, without knowledge of such possession, the order directing him to take possession will be suspended to await the termination of the state receivership, when the complainant is not a party to the suit in the state court, and the services of the receiver may be subsequently required.

In Equity. On motion by complainant for an injunction in aid of the receiver and motion by defendant to vacate the order appointing such receiver.

Edward Winslow Paige, for orator.
J. Noble Hayes and Charles H. Mason, for defendant.

WHEELER, District Judge. A receiver was appointed herein to take the rents and profits, to which the orator, as mortgagee with condition broken, appears to be entitled, notwithstanding the appointment of a receiver of the same property by the state court, in a suit pending since 1890, after notice of the motion here; there being no showing that he had done anything about taking possession. Now, on a motion by the orator for an injunction in aid of the receiver appointed here, and of the defendant for a rehearing of the motion for a receiver, it appears that the receiver of the state court had taken possession under that appointment. By plain and unquestioned principles, the possession of that receiver should not be interfered with by the receiver of this court, nor the proceedings of that court by an injunction from this court. A final decree, without continuing a receiver, may of itself discharge the receiver previously appointed. Gibson v. Lord Montford, 1 Ves. Sr. 485; Ambl. 93; Seaton's Decrees, 331. But the decree of sale in the state court shown may not be final yet, and its construction in this should perhaps, as a matter of comity, be left yet to that court. The property is not in operation. The orator does not appear to be a party to that suit, and the receiver may be necessary for further proper proceedings in this court. Watson v. Jones, 13 Wall. 679, 20 L.

Ed. 666. Therefore it does not appear that the appointment of the receiver should be vacated, but that the order directing him should be suspended till further order, without prejudice to the rights of the orator, and that the motion for an injunction should await the suspension. Order to take possession suspended till further order, and motion for injunction to await the suspension without prejudice.